IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, a New York banking institution, as Trustee for the benefit of CHL Mortgage Pass-Through Trust 2007-3 Mortgage Pass-Through Certificates, Series 2007-3,<br><br>       Plaintiff,<br><br>   vs.<br><br>STEVEN J. SAKALA; TERESA ANN COLLINS; MARY JANET COLLINS; DANA MARIA MITCHELL; DOUGLAS B. HACKETT, as Trustee of the Honaunau School Road Trust; JOHN DOES 1-50; JANE DOES 1-50; and DOE ENTITIES 1-50,<br><br>       Defendants. | CIVIL NO. 11-00618 DKW/BMK (Foreclosure)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Before the Court is Plaintiff The Bank of New York Mellon's

("Plaintiff" or "BONY") Motion for Summary Judgment, filed May 16, 2013

1

("Motion").   Defendants Steven J. Sakala, Teresa Ann Collins ("T. Collins"), Mary

Janet Collins ("M. Collins"), Dana Maria Mitchell, and Douglas B. Hackett, as

Trustee of the Honaunau School Road Trust, did not file an opposition to the

Motion.   Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.   After careful consideration of the Motion,

supporting memorandum and exhibits, and the relevant legal authority, Plaintiff's

Motion is hereby GRANTED.

## BACKGROUND

On February 7, 2007, Sakala executed a promissory note in favor of

Countrywide Homeloans, Inc. ("Countrywide") in the amount of $910,000

("Note").   Pl.'s Ex. A (2/7/07 Note).   To secure repayment on the Note, Sakala, T.

Collins, M. Collins, and Mitchell[1] executed a mortgage in favor of Countrywide

dated February 7, 2007 ("Mortgage"), encumbering real property located at 83-1064

Honaunau School Road, Honaunau, Hawai'i, 96726, TMK No. 8-3-013-044-000

("Property").   Pl.'s Ex. B (2/7/07 Mortgage).   Countrywide is the originating

lender and Mortgage Electronic Registration System, Inc. ("MERS") is the

---

[1] Defendant Hackett, as Trustee of the Honaunau School Road Trust, was named as a Defendant in this matter after Sakala, T. Collins, M. Collins, and Mitchell's purported transfer of their interest in the Property to Hackett via a Quitclaim Deed recorded at the State of Hawai'i, Bureau of Conveyances on March 17, 2011.   Pl.'s Ex. L (Quitclaim Deed).

mortgagee acting solely as nominee for Countrywide, its successors and assigns.

*Id.* at 2.   The loan terms were for thirty years, with a fixed interest rate of 6.25%, which required monthly payments of $5,603.03 on the first day of each month, commencing on April 1, 2007.   Pl.'s Exs. A & B.   The Mortgage states that:

> Borrower understands and agrees that MERS holds only legal
> title to the interests granted by Borrower in this Security
> Instrument, but if necessary to comply with law or custom,
> MERS (as nominee for Lender and Lender's successors and
> assigns) has the right: to exercise any or all of those interests
> including, but not limited to, the right to foreclose and sell the
> Property; and to take any action required of Lender[.]

Pl.'s Ex. B at 4.   The Note states that "Lender may transfer this Note," and that "Lender or anyone who takes this Note by transfer and who is entitled to receive payment under this Note is called the 'Note Holder.'"   Pl.'s Ex. A at 1.

Sakala does not dispute that he signed the Note and Mortgage ("Loan Documents").   *See* Defs.' Answer at ¶¶ 10-11.   After the Loan Documents were executed, they were sent to ReconTrust Company, N.A., a subsidiary of Bank of America, on February 26, 2007.   Decl. of Deanna Burns ("Burns Decl.") at ¶ 5; Pl.'s Ex. C (1/1/12 Bank of America Home Loan Routing History).   Upon receipt of the Loan Documents, ReconTrust Company scanned them into an electronic Home Loan Routing System for tracking.   Burns Decl. at ¶ 6.   ReconTrust Company then endorsed the Note in blank on behalf of "Countrywide Home Loans, Inc." with the

stamped signature of Michele Sjolander, Executive Vice President of "Countrywide

Home Loans, Inc." ("Endorsed Note").   Burns Decl. at ¶ 7; Pl.'s Ex. D (Endorsed

Note).   ReconTrust Company had Ms. Sjolander's power of attorney to endorse the

Note on her behalf, and the endorsement was made sometime between February 26,

2007 and February 28, 2007, the date the Loan Documents were transferred to

BONY.   BONY is currently in possession of the Endorsed Note.   Decl. of Patricia

McHenry ("McHenry Decl.") at ¶ 3.

          According to Plaintiff, the loan has been in default since January 2009.

The Note states that failure to make payments constitutes default, and that in the

event of default, the holder of the Note may send written notice to the borrower and

accelerate the loan if the default is not cured within 30 days.   Pl.'s Ex. A.   On

February 17, 2009, Countrywide sent Sakala a Notice of Intent to Accelerate,

informing him that his loan was in "serious default" and that the loan would be

accelerated if he did not pay $11,920.79 by March 19, 2009.   Pl.'s Ex. G (2/17/09

Notice).   Sakala did not make his regular monthly payment or pay the additional

amounts due by March 19, 2009; he did make his regular monthly payment for April

2009, which was applied toward his missed January 2009 payment.   Decl. of

Arsheen Littlejohn ("Littlejohn Decl.") at ¶¶ 6-9; Pl.'s Ex. F. (Loan History).   A

second notice was sent to Sakala on April 16, 2009, requiring him to pay $18,346.41

4

on or before May 16, 2009 in order to cure his default.   Pl.'s Ex. H (4/16/09 Notice).

On May 12, 2009, Sakala made a payment of $5,820.32, which was applied toward

his missed February 2009 payment.   Sakala did not make any further payments on

the loan.   Littlejohn Decl. at ¶¶ 10-11; Pl.'s Ex. F.   A third and final notice was

sent to Sakala on May 13, 2009, requiring him to pay $18,241.56 by June 12, 2009 in

order to cure his default.   Pl.'s Ex. I (5/13/09 Notice).

On August 8, 2009, MERS assigned its entire interest in the Mortgage

to BONY.   Pl.'s Ex. J (Assignment of Mortgage).   Sakala filed a chapter 13

bankruptcy petition on January 12, 2010, which was dismissed, and a state court

action (later removed to federal court) against the lenders that was dismissed for

Sakala's failure to prosecute.   *See Sakala v. BAC Home Loan Servicing LP*, Civ.

No. 10-00578 DAE-BMK (12/31/11 Order Dismissing Action, Dkt. No. 104).

BONY originally initiated a non-judicial foreclosure on the Property, but later filed

the instant lawsuit seeking a judicial foreclosure pursuant to Hawaii Revised

Statutes ("HRS") § 667-1.5.   On April 24, 2012, the district court granted Plaintiff's

motion to dismiss Defendants' counterclaims.   This matter was transferred to this

Court on May 13, 2013.   Plaintiff now seeks summary judgment on its claim for

foreclosure.

## STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), a party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

## DISCUSSION

The Court first notes that, although Defendants are represented by counsel, they failed to file any opposition to the Motion.   The Court therefore treats the Motion as unopposed.

> When a motion for summary judgment is unopposed, the motion should be granted only when the movant's papers are themselves sufficient to support the motion and they do not reveal a genuine issue of material fact.  *In re Rogstad*, 126 F.3d 1224, 1227 (9th Cir. 1997) (noting that it is in error to grant a motion for summary judgment simply because the opponent failed to oppose the motion); *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994) (noting that an unopposed motion may be granted only after the court determines that there are no material issues of fact).

> Additionally, in a motion for summary judgment, "material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party."   L.R. 56.1(g) (effective Dec. 1, 2009).   Thus, while this court is not permitted to grant an unopposed motion for summary judgment as a matter of right, *Siegel*, 26 F.3d at 1494-95, it must deem all facts proffered in [the defendant's] concise statement as admitted by [the plaintiff].   Therefore, the court must determine whether the

> facts, as asserted in [the defendant's] concise statement, warrant
> a grant of summary judgment.

*Aga v. Winter*, 2009 WL 4406086, at \*2-3 (D. Haw. Dec. 1, 2009) (some alterations

in original).   In the present matter, the facts set forth in Plaintiff's separate and

concise statement of facts in support of its Motion are deemed admitted.

Here, Plaintiff has established the existence of the pertinent Loan

Documents, whose terms are evident on their face.   *See* Pl.'s Ex. A & B.   The

evidence shows that Sakala defaulted under the loan by missing monthly payments,

and failed to cure the default.   *See* Pl.'s Ex. F; Defs.' Answer at ¶ 16.   Finally,

Sakala received three notices of default informing him that the loan would be

accelerated if he failed to cure.   *See* Pl.'s Exs. G, H & I.   Moreover, BONY has

established that it is the holder of the Endorsed Note and the Mortgage, and is

entitled to enforce them in this action.   It is therefore undisputed that Defendants

are in default of their obligations under the Loan Documents, and they have

presented no evidence refuting Plaintiff's showing that it is entitled to summary

judgment on its Complaint.   The Court finds that Plaintiff has met its summary

judgment evidentiary burden to establish a prima facie case that it is entitled to

foreclose on the Mortgage.   *See IndyMac Bank v. Miguel*, 117 Hawai'i 506, 520,

184 P.3d 821, 835 (Ct. App. 2008) (explaining that a foreclosure decree is

appropriate where four material facts have been established: "(1) the existence of the [loan] Agreement, (2) the terms of the Agreement, (3) default by [mortgagor] under the terms of the Agreement, and (4) the giving of the cancellation notice and recordation of an affidavit to such effect"); *see also* HRS § 667–1.5 (providing for foreclosure by court action).   Defendants did not oppose the Motion and have raised no genuine issue of material fact sufficient to counter Plaintiff's showing.

In sum, the evidence is undisputed that Plaintiff is entitled to the requested declaratory relief, and an interlocutory decree of foreclosure. Accordingly, Plaintiff's Motion is HEREBY GRANTED.

> The Court notes that:
>
> Under Hawaii law, foreclosure proceedings are normally bifurcated—and the proceedings in this action are following that normal process.  *See, e.g., City Bank v. Abad*, 106 Hawai'i 406, 412-13, 105 P.3d 1212, 1218-19 (Haw. App. 2005) ("[F]oreclosure cases are bifurcated into two separately appealable parts: (1) the decree of foreclosure and the order of sale, if the order of sale is incorporated within the decree; and (2) all other orders.") (quoting *Sec. Pac. Mortg. Corp. v. Miller*, 71 Haw. 65, 70, 783 P.2d 855, 857 (1989)) (other citation omitted).

*BNP Paribas VPG Brookline CRE, LLC v. White Sands Estates, LLC*, 2012 WL 984890, at *3-4 (D. Haw. Mar. 22, 2012).

In order to facilitate the first portion of this foreclosure proceeding, the Court HEREBY DIRECTS Plaintiff to provide for the Court's approval and

signature an appropriate Foreclosure Decree setting forth the necessary terms and

conditions to effectuate the foreclosure process.   The parties are to meet and confer

in the selection of a proposed foreclosure Commissioner with sufficient experience

in the County of Hawaiʻi.   If the parties are unable to agree on a foreclosure

Commissioner, each party may propose a foreclosure Commissioner and submit his

or her name and qualifications, and the Court will make the final selection.   A

proposed Foreclosure Decree and foreclosure Commissioner should be provided to

the Court by **October 15, 2013**.

### <u>CONCLUSION</u>

On the basis of the foregoing, the Court GRANTS Plaintiff's Motion

for Summary Judgment.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAIʻI, September 10, 2013.



_____
Derrick K. Watson
United States District Judge

-------------------------------------------------------------------------------------------------------
<u>The Bank of New York Mellon v. Sakala</u>; CV 11-00618 DKW/BMK; ORDER
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT